| | |
|---|---|
| 1 | Todd M. Friedman (216752) |
| | Law Offices of Todd M. Friedman, P.C. |
| 2 | 21550 Oxnard St., Suite 780 |
| 3 | Woodland Hills, Ca 91367 |
| | Phone: 877-206-4741 |
| 4 | Fax: 866-633-0228 |
| 5 | tfriedman@toddflaw.com |
| 6 | Attorneys for Plaintiff |

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **OMAR MORGADES, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,** | Case No.: |
| | **CLASS ACTION** |
| Plaintiffs, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR** |
| v. | 1. **VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CALIFORNAI CIVIL CODE § 1785.25, ET SEQ.;** |
| **PIONEER CREDIT RECOVERY, INC,** | 2. **VIOLATION OF THE CALIFORNIA FALSE ADVERTISING ACT CAL. BUSINESS & PROFESSIONS CODE §§ 17500 ET SEQ.; AND,** |
| Defendant. | 3. **VIOLATION OF UNFAIR COMPETITION LAW, CAL. BUSINESS & PROFESSIONS CODE §§ 17200 ET SEQ.** |
| | **JURY TRIAL DEMANDED** |

///
///
///
///
///

**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

## INTRODUCTION

1. OMAR MORGADES ("Plaintiff"), by Plaintiff's attorneys, brings this class action complaint to challenge the actions of PIONEER CREDIT RECOVERY, INC ("Defendant") with regard to Defendant's unauthorized and unlawful credit inquiry.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiffs allege on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

4. Any violation by Defendant was knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

5. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

6. Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff, a resident of California, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a company with its principal place of business in New York and State of Incorporation in Delaware.  Plaintiff also seeks damage, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction.  Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

7. This matter is properly venued in the United States District Court for the Central District of California, in that Plaintiff purchased the services from Los Angeles County and Defendant provided the services to Plaintiff in that location. Plaintiff resides in the Central District of California and Defendants do business, inter alia, in the Central District of California.

## PARTIES

8. Plaintiff is a natural person who resides in the County of Los Angeles, State of California, whose credit report was affected by an unauthorized inquiry. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

9. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a company engaged in the business of collecting on third party debts whose principal place of business is located in New York and whose state of incorporation is located in Delaware. Defendant regularly provided information to consumer reporting agencies and is therefore an information furnisher as defined by the CCRAA. At all relevant times Defendant was a "person" as the term is defined by 15 U.S.C. § 1681a(b).

## FACTUAL ALLEGATIONS

10. At all times relevant, Plaintiff is an individual residing within the State of California.

11. Prior to October of 2014, Plaintiff went into default on an alleged debt and had derogatory information about the default reported to credit reporting agencies.

12. In or around 2014, Defendant advertised to Plaintiff through written and oral representations credit repair services.

13. Plaintiff relied on, among other representations, the following statement made by Defendant in writing:

> Once your loan(s) are rehabilitated and are no longer in default, the consumer reporting agencies will be notified to delete the derogatory credit rating previously reported by the guarantor in reference to the loan(s). Further, your prior lender that report that reported the default of the loan(s) approved for rehabilitation will be notified and will be requested to remove the record of default from your credit history.

14. Plaintiff entered into an agreement with Defendant, whereby Plaintiff would make $20.00 payments every month on the alleged debt owned by Defendant and Defendant would remove the derogatory information from Plaintiff's credit report.

15. Relying on Defendant's oral and written representations, Plaintiff began giving funds to Defendant every month.

16. Plaintiff would not have given Defendant these funds absent Defendant's representations that it would remove the derogatory information from Plaintiff's credit report.

17. Plaintiff made every payment on time and in full as agreed to by Plaintiff and Defendant. However, despite Defendant's representations that Defendant would not remove the derogatory information from Plaintiff's credit report, Defendant refused.

18. Upon learning this, Plaintiff felt ripped off and cheated by Defendant.

19. Such sales tactics rely on falsities and have a tendency to mislead and deceive a reasonable consumer

20. Defendant expressly represented to Plaintiff, through written and oral statements, the services that it would provide.

21. Plaintiff alleges that such representations were part of a common scheme to mislead consumers and incentivize them to purchase Defendants' services.

22. In purchasing these services, Plaintiff relied upon Defendants' representations.

23. Such representations were clearly false because Defendants failed to provide any of the services that it promised.

24. Plaintiff would not have purchased the services if he knew that the above-referenced statements made by Defendants were false.

25. Had Defendants properly marketed, advertised, and represented the Services, Plaintiff would not have purchased the services.

26. Plaintiff gave his money, attention and time to Defendant because of the services advertised. Defendant benefited from falsely advertising the services. Defendants benefited on the loss to Plaintiff and provided nothing of benefit to Plaintiff in exchange.

27. Had Defendant properly marketed, advertised, and represented the services, no reasonable consumer who purchased or attempted to purchase the services would have believed that it was the price it actually way.

## CLASS ACTION ALLEGATIONS

28. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated (the "Class").

29. Plaintiff represents, and is a member of the Class, consisting of:

> All persons in the United States who Defendant represented to remove derogatory credit reporting information and have failed to do so, within the applicable statute of limitations.

30. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the hundreds, if not more. This matter should therefore be certified as a Class action to assist in the expeditious litigation of this matter.

31. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Plaintiff and Class Members were deceived into giving Defendant funds and received nothing in return.

32. This suit seeks only recovery of actual and statutory damages on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

33. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

34. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

   a. Whether Defendant or its agents deceived Plaintiff and the Class Members into purchasing Defendant's services;
   b. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violations;
   c. Whether Plaintiff and the Class members suffered actual damages as a result of Defendant's conduct;
   d. Whether Plaintiff and the Class members are entitled to statutory damages as a result of Defendant's conduct;
   e. Whether Plaintiff and the Class members are entitled to injunctive relief;
   f. Whether Plaintiff and the Class members are entitled to an award of reasonable attorneys' fees and costs;
   g. Whether Plaintiff will fairly and adequately protect the interest of the Class; and,
   h. Whether Plaintiff's counsel will fairly and adequately protect the

interest of the Class.

35. As a person who purchased Defendant's services and received nothing in return, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interest of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

36. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

37. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Fair Credit Reporting Act, the California Consumer Credit Reporting Agencies Act, the FAL, and the UCL.

38. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

39. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate declaratory relief with respect to the Class as a whole.

///
///
///
///

# FIRST CAUSE OF ACTION
## THE CALIFORNIA CREDIT REPORTING AGENCIES ACT
### CALIFORNIA CIVIL CODE §§ 1785.25x (CCRA)

40. California Civil Code § 1785.25 (b) states that a furnisher that determines a report to a credit reporting agency is not accurate or complete shall promptly notify the consumer reporting agency of that determination and provide corrections to the consumer reporting agency that is necessary to make the information complete and accurate.

41. California Civil Code § 1785.25 (c) provides that if the completeness or accuracy of any information on a specific transaction or experience provided to a consumer reporting agency is disputed by the consumer, the furnisher may not continue reporting the information unless it provides a notice to the consumer reporting agency that the information is disputed by the consumer.

42. Defendant negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

43. Based on these violations of Civil Code § 1785.25 (a), Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

## SECOND CAUSE OF ACTION
### Violation of the California False Advertising Act
### (Cal. Bus. & Prof. Code §§ 17500 *et seq.*)

44. Plaintiff incorporates by reference each allegation set forth above.

45. Pursuant to California Business and Professions Code section 17500, *et seq.*, it is unlawful to engage in advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading . . . [or] to so make or

disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

46. California Business and Professions Code section 17500, *et seq*.'s prohibition against false advertising extends to the use of false or misleading written statements.

47. Defendant misled consumers by making misrepresentations and untrue statements about the services to Plaintiff and other putative class members in order to solicit these transactions.

48. Defendant knew that its representations and omissions were untrue and misleading, and deliberately made the aforementioned representations and omissions in order to deceive reasonable consumers like Plaintiff and other Class Members.

49. As a direct and proximate result of Defendant's misleading and false advertising, Plaintiff and the other Class Members have suffered injury in fact and have lost money or property, time, and attention. Plaintiff reasonably relied upon Defendant's representations regarding the Services. In reasonable reliance on Defendant's false advertisements, Plaintiff and other Class Members purchased the Services. In turn Plaintiff and other Class Members ended up with nothing, and therefore Plaintiff and other Class Members have suffered injury in fact.

50. Plaintiff alleges that these false and misleading representations made by Defendant constitute a "scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

51. Defendant advertised to Plaintiff and other putative class members, through written representations and omissions made by Defendant and its

employees, that it would provide the Services.

52. Thus, Defendant knowingly sold Services to Plaintiff and other putative class members without providing the services in exchange for the compensation provided.

53. The misleading and false advertising described herein presents a continuing threat to Plaintiff and the Class Members in that Defendant persists and continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court. Defendant's conduct will continue to cause irreparable injury to consumers unless enjoined or restrained. Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendant to cease its false advertising, as well as disgorgement and restitution to Plaintiff and all Class Members Defendant's revenues associated with their false advertising, or such portion of those revenues as the Court may find equitable.

## THIRD CAUSE OF ACTION

### Violation of Unfair Business Practices Act

### (Cal. Bus. & Prof. Code §§ 17200 *et seq*.)

54. Plaintiff incorporates by reference each allegation set forth above.

55. Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL. Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices. A plaintiff is required to provide evidence of a causal connection between a defendants' business practices and the alleged harm--that is, evidence that the defendants' conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the Defendant's conduct created a risk of harm. Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

## UNFAIR

56. California Business & Professions Code § 17200 prohibits any "unfair . . . business act or practice." Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

57. In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

58. Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiff and members of the Class. Plaintiff and members of the Class have suffered injury in fact due to Defendant's decision to sell them falsely described services. Thus, Defendant's conduct has caused substantial injury to Plaintiff and the members of the Class.

59. Moreover, Defendant's conduct as alleged herein solely benefits Defendant while providing no benefit of any kind to any consumer. Such deception utilized by Defendant convinced Plaintiff and members of the Class that it would provide the services. In fact, knowing that it had no intention to provide the services, Defendant unfairly profited from their sale. Thus, the injury suffered by Plaintiff and the members of the Class is not outweighed by any countervailing benefits to consumers.

60.     Finally, the injury suffered by Plaintiff and members of the Class is not an injury that these consumers could reasonably have avoided. After Defendant falsely represented the Services, Plaintiff and class members suffered injury in fact due to Defendant's sale of Services to them. Defendant failed to take reasonable steps to inform Plaintiff and class members that the Services did not include the advertised piece. As such, Defendant took advantage of Defendant's position of perceived power in order to deceive Plaintiff and the Class members to purchase services. Therefore, the injury suffered by Plaintiff and members of the Class is not an injury which these consumers could reasonably have avoided.

61.     Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

## FRAUDULENT

62.     California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice." In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

63.     The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived. Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

64.     Here, not only were Plaintiff and the Class members likely to be deceived, but these consumers were actually deceived by Defendant. Such deception is evidenced by the fact that Plaintiff agreed to purchase Services under the basic assumption that they would receive the services advertised. Plaintiff's reliance upon Defendant's deceptive statements is reasonable due to the unequal bargaining powers of Defendant and Plaintiff. For the same reason, it is likely that Defendant's fraudulent business practice would deceive other members of

the public.

65. As explained above, Defendant deceived Plaintiff and other Class Members by representing the Services.

66. Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

## UNLAWFUL

67. California Business and Professions Code Section 17200, et seq. prohibits "any unlawful…business act or practice."

68. As explained above, Defendant deceived Plaintiffs and other Class Members by representing the Services as being a lower price than they were.

69. Defendant used false advertising, marketing, and misrepresentations to induce Plaintiff and Class Members to purchase the Services, in violation of California Business and Professions Code Section 17500, et seq. Had Defendant not falsely advertised, marketed or misrepresented the Services, Plaintiffs and Class Members would not have purchased the Services. Defendant's conduct therefore caused and continues to cause economic harm to Plaintiff and Class Members.

70. These representations by Defendant is therefore an "unlawful" business practice or act under Business and Professions Code Section 17200 *et seq.*.

71. Defendant has thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff and Class Members to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief. Additionally, pursuant to Business and Professions Code section 17203, Plaintiff and Class Members seek an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to correct its actions

## MISCELLANEOUS

72. Plaintiffs and Class Members allege that they have fully complied with all contractual and other legal obligations and fully complied with all conditions precedent to bringing this action or that all such obligations or conditions are excused.

## REQUEST FOR JURY TRIAL

73. Plaintiffs request a trial by jury as to all claims so triable.

## PRAYER FOR RELIEF

74. Plaintiffs, on behalf of themselves and the Class, requests the following relief:

(a) An order certifying the Class and appointing Plaintiff as Representative of the Class;

(a) An order certifying the undersigned counsel as Class Counsel;

(b) An order requiring Defendant, at its own cost, to notify all Class Members of the unlawful and deceptive conduct herein;

(c) An order requiring Defendant to engage in corrective advertising regarding the conduct discussed above;

(d) An order requiring Defendant to remove all the credit reports that it promised to remove;

(e) Actual damages suffered by Plaintiff and Class Members as applicable or full restitution of all funds acquired from Plaintiff and Class Members from the sale of misbranded Services during the relevant class period;

(f) Punitive damages, as allowable, in an amount determined by the Court or jury;

(g) Any and all statutory enhanced damages;

(h) All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent

power;

(i) Pre- and post-judgment interest; and

(j) All other relief, general or special, legal and equitable, to which Plaintiff and Class Members may be justly entitled as deemed by the Court.

Dated: April 5, 2017                            Respectfully submitted,

Law Offices of Todd M. Friedman

By: ___/s/Todd M. Friedman__
TODD M. FRIEDMAN, ESQ.
ATTORNEY FOR PLAINTIFF