# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 17-2605 FMO (FFMx) | Date | April 25, 2017 |
| Title | Omar Morgades v. Pioneer Credit Recovery, Inc. | | |

Present: The Honorable **Fernando M. Olguin, United States District Judge**

| Vanessa Figueroa | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s): Attorney Present for Defendant(s):

None Present   None Present

**Proceedings:** (In Chambers) Order to Show Cause Re: Dismissal for Lack of Jurisdiction

Jurisdiction in this case is asserted on the basis of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). (See Dkt. 1, Complaint at ¶ 6). "CAFA provides expanded original diversity jurisdiction for class actions meeting the amount in controversy and minimal diversity and numerosity requirements set forth in 28 U.S.C. § 1332(d)(2)." United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co., 602 F.3d 1087, 1090-91 (9th Cir. 2010). Under that provision, "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant[.]" 28 U.S.C. § 1332(d)(2).

Notwithstanding the Complaint's assertion that damages "exceeds the $5,000,000.00 threshold for federal court jurisdiction," (Dkt. 1, Complaint at ¶ 6), the court has concerns regarding the amount in controversy requirement in this case, particularly since the Complaint alleges that the proposed class "number in the hundreds, if not more," (id. at ¶ 30), and putative class representative contends that he was defrauded by paying $20.00 per month since approximately October 2014. (See id. at ¶ 11-14).

Accordingly, IT IS ORDERED that no later than **May 2, 2017**, plaintiff shall file a response, not to exceed five (5) pages, why this action should not be dismissed for lack of subject matter jurisdiction. **Failure to respond to this order to show cause by the deadline set forth above shall be deemed as consent to the dismissal of the action without prejudice for lack of subject matter jurisdiction and/or failure to comply with a court order, see Fed. R. Civ. P. 41(b); Link v. Wabash R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962)**.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | | vdr | |